IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB WINTER, | ) |
| | ) |
| Plaintiff, | ) Case No. 18 cv 3667 |
| | ) |
| v. | ) Judge |
| | ) Magistrate Judge |
| LEO P. SCHMITZ, in his official capacity | ) |
| as Director of the Illinois State Police, | ) |
| | ) **Jury Demand** |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Jacob Winter, through counsel, complains against Defendant Leo P. Schmitz, Director of the Illinois State Police ("ISP"), as follows:

**Nature of the Case**

1. This case arises under 42 U.S.C. §1983 and alleges violations of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff seeks an injunction prohibiting Defendant from enforcing 730 ILCS 150-2 (E-10), which provides that anyone "required to register in another State due to a conviction, adjudication or other action of any court triggering an obligation to register as a sex offender, sexual predator, or substantially similar status under the laws of that State" is considered a "sexual predator" under Illinois law. This law categorizes Plaintiff as a "sexual predator" based solely on the state in which he was convicted of an offense.

3. Plaintiff was convicted of a misdemeanor offense in Michigan. Had Plaintiff been convicted of an identical offense in Illinois, he would not be labeled as a "sexual predator."

4. Plaintiff alleges that this statute violates his rights under the Equal Protection Clause of the United States Constitution. Plaintiff seeks injunctive and declaratory relief.

## Jurisdiction and Venue

5. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## The Parties

7. Defendant Leo P. Schmitz is sued in his official capacity as director of the Illinois State Police. In his capacity as the director of ISP, he has final authority to maintain and administer the Illinois Sex Offender Registry and to determine whether Plaintiff Winter is listed as a "sexual predator" on the registry. 730 ILCS 152/115 (a) and (b).

8. Plaintiff Winter is a resident of Alsip, Illinois.

## Relevant Facts

9. Plaintiff was at all times relevant to this complaint a resident of Illinois.

10. While on a business trip in Grand Rapids, Michigan, Plaintiff was arrested for allegedly assaulting an adult employee of a hotel at which he was staying.

Plaintiff was alleged to have had non-consensual physical contact with the victim that did not involve sexual penetration.

11. Plaintiff pled guilty May 2017 to the Michigan offense of Criminal Sexual Conduct – Fourth Degree (Michigan Penal Code, §750.520e). This offense is referred to as a "high court misdemeanor" in Michigan, meaning that it is an offense punishable by a maximum of two years of imprisonment. §502e(2).

12. Plaintiff was sentenced to 90 days in a county jail, three years of probation, and was ordered to undergo sex offender counseling.

13. Under Michigan law, a conviction for Criminal Sexual Conduct – Fourth Degree results in the offender's being listed for 15 years on a non-public sex offender registry with the opportunity to petition the court for removal from the registry after ten years.[1]

14. The elements of the Michigan offense of Criminal Sexual Conduct – Fourth Degree (Michigan Penal Code §750.520e), are functionally identical to the elements of the Illinois offense of Criminal Sexual Abuse (720 ILCS 5/11-1.50(a)).

15. Under Michigan law, a person is "guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and … [f]orce or coercion is used to accomplish the sexual contact." Michigan Penal Code §750.520e.

---

[1] See Michigan Sex Offenders Registration Act, §28.722(r) (defining a person convicted of violating §520e as a "Tier I offender"); *Id*. at §28.728 (4)(c) (stating that the state's public registry shall not include any "individual registered solely because he or she was convicted of a single tier I offense."); *Id*. at §28.728c (12) (stating that "Tier I" offenders who successfully complete supervision and treatment and do not commit another offense may petition for removal from the registry after ten years).

16. Under Illinois law, "a person commits criminal sexual abuse if that person commits an act of sexual conduct by the use of force or threat of force." 720 ILCS 5/11-1.50 (a).

17. Under Illinois law, a person who has been convicted of Criminal Sexual Abuse (720 ILCS 5/11-1.50(a)), is required to register as a sex offender, but is not labeled as a "sexual predator" on the Illinois Sex Offender Registry.[2]

18. Accordingly, Plaintiff is labeled as a "sexual predator" on the Illinois Sex Offender Registry solely because he lives in Illinois and committed his offense in another state. See, 730 ILCS 150-2 (E-10) (anyone "required to register in another State due to a conviction, … triggering an obligation to register as a sex offender, sexual predator, or substantially similar status under the laws of that State" is designated as a "sexual predator" under Illinois law).

19. Had Plaintiff committed an offense identical to the offense he committed in Michigan in Illinois, he would not be labeled as a "sexual predator" under Illinois law.

20. The "sexual predator" designation carries with it restraints, disabilities and restrictions that are not applicable to other registrants who are not subject to the "predator" designation. In particular, the restrictions set forth in 720 ILCS 5/11-9.4-1 apply to people classified as "sexual predators" and "child sex offenders" but not to other registrants.

---

[2] See 730 ILCS 150/2 (E) (setting forth the offenses that trigger the "sexual predator" designation).

4

21. 720 ILCS 5/11-9.4-1 makes it illegal for a person designated as a "sexual predator" to "knowingly be present in any public park building or on real property comprising any public park" or to "knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park." §9.4-1(b) and (c).

22. The restrictions pose substantial restraints on Plaintiff's liberty. He is a parent to two minor daughters (a two year old and a ten year old). As a result of the "sexual predator" designation, he is unable to take his children to a park, register his children for sports leagues or other events that take place on park property, or participate in family activities that take place on or near public park property.

23. In addition, Plaintiff will be required to register as a sex offender with the state of Illinois for life due to the challenged law. If not for the "sexual predator" designation, Plaintiff would only be required to register for ten years. 730 ILCS 150/7.

24. Plaintiff also suffers a stigma as a result of being labeled as a "sexual predator" on the Illinois sex offender registry that is different from the stigma normally associated with a conviction for the offense he committed. The "sexual predator" designation implies that Plaintiff has been convicted of a rape or a sex offense against a minor victim. Illinois law only applies the "predator" label to people who have offended against minors and people who have been convicted of rape, unless the offender committed an offense out of state (as Plaintiff did). 730 ILCS 150/2 (E); (E-10).

## COUNT I
## 42 U.S.C. §1983 – EQUAL PROTECTION

25. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

26. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which the Supreme Court has explained means that "all persons similarly situated should be treated alike" unless the difference in treatment is "rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation omitted).

27. 730 ILCS 150-2 (E-10) classifies Plaintiff as a "sexual predator" solely because he committed his offense outside of Illinois. If he had committed an identical offense in Illinois, he would not be labeled as a "sexual predator."

28. The difference in treatment between individuals who committed their offenses in Illinois and those who committed their offenses elsewhere is not rationally related to a legitimate state interest and thus fails rational basis review.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

 (a) issue a preliminary and then permanent injunction prohibiting enforcement of 730 ILCS 150-2 (E-10);

 (b) issue a declaratory judgment that 730 ILCS 150-2 (E-10) is unconstitutional both on its face and as applied to Plaintiff;

 (c) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

 (d) grant Plaintiffs any other relief the Court deems appropriate.

**Plaintiff demands trial by jury.**

                                        Respectfully submitted,

                                        /s/ Adele D. Nicholas
                                        /s/ Mark G. Weinberg
                                        *Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
773-283-3913